■ EVANIS FELIX, Respondent, v AKZO NOBEL COATINGS, INC., Appellant, et al., Defendants. [692 NYS2d 413] —In an action to recover damages for personal injuries, the defendant Akzo Nobel Coatings, Inc., appeals from an order of the Supreme Court,

Kings County (Rappaport, J.), entered June 10, 1998, which denied its motion for partial summary judgment dismissing so much of the complaint as sought to recover damages based upon the theory of design defect.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and so much of the complaint as sought to recover damages based upon the theory of design defect is dismissed.

The plaintiff was injured while applying a quick-drying lacquer sealer to the floor of an apartment when the vapors from the lacquer came into contact with the pilot light of the kitchen stove and erupted in flames. The defendant Akzo Nobel Coatings, Inc. (hereinafter Akzo), manufactured that lacquer sealer.

It is not disputed that quick-drying lacquer sealers such as that of the defendant Akzo contain a solvent base which is highly flammable and that quick-drying lacquer sealers comprise approximately 95% of the lacquer sealer market. The plaintiff, however, argues that a safer alternative was available, to wit, a water-based lacquer sealer.

Based upon this record, the documentation submitted clearly demonstrates that the plaintiff has not established that the subject lacquer sealer, "as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108).

The plaintiff's own expert testified at his deposition that there was no way to make a quick-drying lacquer sealer offering the same results as those from solvent-based lacquer sealers using alternative fluids and that the very nature of the quick-drying lacquer sealer necessitates that it contain a highly flammable solvent. He further testified that nothing can be introduced to the formula to make it safer without creating an entirely different product. The plaintiff's expert also testified that the number of fires caused by solvent-based lacquer sealers was "predictably" a small percentage of the total number of the product sold.

Further, contrary to the plaintiff's contention, the evidence presented clearly shows that water-based products are not essentially the same as the solvent-based lacquer sealer at issue. The plaintiff's expert admitted that the water-based products take hours longer to dry, so that there is a functional difference. There is undisputedly a vast difference in the price between the two products. Additionally, the plaintiff's expert could not name any water-based lacquer sealers matching the

results obtained by the quick-drying, solvent-based lacquer sealer with respect to the appearance of the finish, its hardness, and its scratch-resistant properties. Moreover, the plaintiff's expert testified that, when making a product safer, the end use application must be identical in the above-mentioned respects, and he admitted that water-based lacquer sealers only offer "approximately" the same finish as the quick-drying lacquer sealer.

Accordingly, there was no competent evidence set forth by the plaintiff that there was an alternative, safer design and the evidence clearly indicates that the volatile solvent contained in the defendant's quick-drying lacquer sealer is critical to the products' performance. Under the standards set forth by the Court of Appeals for determining the existence of a design defect (*see, Liriano v Hobart Corp.,* 92 NY2d 232, 239; *Denny v Ford Motor Co.,* 87 NY2d 248, 257; *Voss v Black .& Decker Mfg. Co.,* 59 NY2d 102, 108, *supra*; *Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479; *see also, Pigliavento v Tyler Equip. Corp.,* 248 AD2d 840, 841; *DiMura v City of Albany,* 239 AD2d 828, 830; *Jackson v Bomag GmbH,* 225 AD2d 879), after the defendant Akzo made out a prima facie case for summary judgment, the plaintiff failed to raise any triable issues of fact. Accordingly, summary judgment must be granted to Akzo insofar as the complaint sought to recover damages based upon the theory of design defect. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.