Jose Rodriguez, Appellant, v Sears, Roebuck and Co. et al., Respondents, et al., Defendant. [803 NYS2d 184]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Martin, J.), dated May 11, 2004, which granted the motion of the defendants Sears, Roebuck and Co., and Black & Decker (US), Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered July 15, 2004, upon the order, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured while using a seven-inch angle grinder to cut through an iron pipe. The grinder was manufactured by the defendant Black & Decker (US), Inc., and marketed and sold by the defendant Sears, Roebuck and Co. (hereinafter collectively referred to as the defendants), under its "Craftsman" label. Before the accident, the plaintiff removed the seven-inch "depressed center" wheel which had been supplied with the tool, and replaced it with a 12-inch "flat" wheel manufactured by the defendant 7th Grinding Wheel Factory Import and Export Corporation. During the course of cutting through the pipe, the wheel shattered, causing injury to the plaintiff. At the time of the accident, the tool was being used without the safety guard which had been provided therewith.

We agree with the Supreme Court that the defendants established their prima facie entitlement to judgment as a mat-

ter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, his claim that the defendants failed to warn him of the consequences of operating the grinder without a safety guard was not supported by the evidence, and was controverted by his own admitted knowledge of the hazards of using a grinder. The duty to warn of a product's danger does not arise when the injured party is already aware of the specific hazard or the danger is readily discernible (*see Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]; *Estrada v Berkel Inc.*, 14 AD3d 529 [2005]; *Mangano v United Finishing Serv. Corp.*, 261 AD2d 589 [1999]).

The plaintiff, a worker with 20 years' experience using angle grinders similar in type to the subject grinder, was well aware of the dangers presented by the use of a grinder without the safety guard attached thereto. In any event, the instruction manual directed that the user "NEVER ATTEMPT TO USE ANY TYPE OF GRINDING WHEEL WITHOUT THE PROPER GUARD. TO DO SO WOULD BE EXTREMELY HAZARDOUS." Moreover, a warning label affixed to the grinder cautioned against using the grinder without a guard. Thus, the plaintiff failed to demonstrate that the warnings were inadequate.

The plaintiff also failed to raise a triable issue of fact with respect to his contention that the grinder was defectively designed or that it was feasible to design the product in a safer manner (*see Banks v Makita, U.S.A.*, 226 AD2d 659 [1996]; *David v Makita U.S.A.*, 233 AD2d 145 [1996]; *see also Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107-109 [1983]).

Accordingly, since the plaintiff failed to present evidence sufficient to raise a triable issue of fact, the Supreme Court properly granted summary judgment to the defendants dismissing the complaint insofar as asserted against them (*see Galletta v Snapple Beverage Corp.*, 17 AD3d 530, 531 [2005]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.