■ NATHANIEL PEREZ, Appellant, v RADAR REALTY et al., Defendants, and STARLITE PAINT & VARNISH CO., INC., et al., Respondents. STARLITE PAINT & VARNISH CO., INC., Third-Party Plaintiff, v AKZO NOBEL COATINGS, INC., Third-Party Defendant-Respondent. [824 NYS2d 87]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about April 12, 2005, which granted third-party defendant's motion and the respective cross motions of defendants Starlite Paint & Varnish Co. and D & F Paint Co., Inc. for summary judgment dismissing plaintiff's causes of action for products liability based on allegations of defective design and inadequate warnings, unanimously affirmed, without costs.

The claim based on a defective design was properly dismissed

since no triable issue was presented as to whether " 'if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner' " (*Denny v Ford Motor Co.*, 87 NY2d 248, 257 [1995], quoting *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]). Plaintiff's expert failed to explain how a product with a higher flash point could be designed and made no showing that utilization of an water-based sealer instead of the complained-of lacquer-based product would be similarly efficacious (*see Felix v Akzo Nobel Coatings*, 262 AD2d 447 [1999]). Contrary to plaintiff's assertion, the motion court did not give *Felix* collateral estoppel effect. It properly found, however, that nothing presented in this case warranted a different result.

Although not specifically stated by the motion court, plaintiff's claim for breach of the implied warranty of merchantability was implicitly dismissed. While there are instances in which a design defect claim premised on strict products liability is distinguishable from a design defect claim premised on breach of the implied warranty of merchantability (*see Denny*, 87 NY2d at 262), no such situation is presented here. However, even if the claims were distinct, dismissal of the implied warranty of merchantability claim would nonetheless be required in light of the absence of evidence that the warranty was breached.

Also properly dismissed was plaintiff's products liability claim based on the theory of inadequate warning. Plaintiff testified that he made no attempt to read or to obtain assistance in reading the product label and, accordingly, the alleged labeling deficiency could not have caused the complained-of harm (*see Sosna v American Home Prods.*, 298 AD2d 158 [2002]). Moreover, the record demonstrates that plaintiff was aware of the risks involved in using the highly flammable lacquer sealer (*see Barnes v Pine Tree Mach.*, 261 AD2d 295 [1999]; *Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841 [1992]). Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ. [*See* 7 Misc 3d 1015(A), 2005 NY Slip Op 50599(U) (2005).]