■ RANDOLPH SMITH et al., Appellants, v SEARS, ROEBUCK & Co., Respondent. [824 NYS2d 547]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered September 13, 2005. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Randolph Smith (plaintiff) when four fingers on his left hand were lacerated by a circular saw designed and manufactured by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. In support of its motion, defendant submitted an expert's affidavit stating that the saw was equipped with an "extended travel switch," which was " 'state of the art' in the industry," and that trigger locks were not state of the art. Defendant thus "met [its] initial burden of demonstrating that, when [the saw] left the manufacturer's hands, [it] was in a condition reasonably contemplated by the consumer and was reasonably safe for its intended use" (*Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084 [2003]; *see Lauber v Sears, Roebuck & Co.*, 273 AD2d 922 [2000]). In opposition to the motion, plaintiffs submitted an expert's affidavit stating that plaintiff would not have been injured if the saw had been equipped with a trigger lock. Notably, however, plaintiffs' expert did not state that trigger locks were state of the art in the industry or that the saw was defective or not reasonably safe because of the absence of a trigger lock. We thus conclude that plaintiffs failed to raise a triable issue of fact whether the product was defectively designed (*see Rodriguez v Sears, Roebuck & Co.*, 22 AD3d 823, 824 [2005]). Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.