■ FRANCISCO PARRA et al., Appellants, v D & F PAINT CO., INC., et al., Respondents. (And a Third-Party Action.) [833 NYS2d 165]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 28, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based upon the theory of design defect.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On their motion, the defendants demonstrated their entitlement to summary judgment dismissing so much of the complaint as sought to recover damages based upon the theory of design defect, by establishing through competent expert evidence that the allegedly defective "lacquer sealer" had no feasible alternative design (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]). In response, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based upon the theory of design defect (*see Perez v Radar Realty,* 34 AD3d 305 [2006]; *Felix v Akzo Nobel Coatings,* 262 AD2d 447, 449 [1999]; *see also Rodriguez v Sears, Roebuck & Co.,* 22 AD3d 823, 824 [2005]; *Banks v Makita, U.S.A.,* 226 AD2d 659, 660 [1996]).

The plaintiffs' contention that the Supreme Court improperly vacated a certain stipulation is not properly before this Court (*see Matter of Roman v Roman,* 8 AD3d 394, 395 [2004]; *Schlein v White Plains City School Dist.,* 292 AD2d 367 [2002]; *see also Sample v Levada,* 8 AD3d 465, 468 [2004]). The plaintiffs' remaining contentions are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.