■ Mustafa Donuk, Appellant, v Sears, Roebuck & Co., Respondent. [859 NYS2d 701]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Starkey, J.), dated February 25, 2008, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from a decision of the same court dated May 31, 2007, is deemed a premature notice of appeal from the order (see CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's cause of action alleging breach of warranty was properly dismissed as time-barred (see UCC 2-725 [1], [2]; Heller v U.S. Suzuki Motor Corp., 64 NY2d 407, 411 [1985]; McAllister v Raymond Corp., 36 AD3d 768 [2007]; Schrader v Sunnyside Corp., 297 AD2d 369, 371 [2002]; Csoka v Bliss, 168 AD2d 664 [1990]).

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's causes of action alleging negligence and strict products liability predicated on allegations that the subject snow thrower was defectively designed by demonstrating that the sole proximate cause of the

plaintiff's injuries was his own negligence in placing his fingers into the discharge chute of the snow thrower without stopping the engine, despite warning labels on the machine cautioning against such conduct (*see Sorrentino v Paganica,* 18 AD3d 858, 859 [2005]; *Amaya v L'Hommedieu,* 6 AD3d 638, 639 [2004]; *Crawford v Windmere Corp.,* 262 AD2d 268, 269 [1999]; *Sabbatino v Rosin & Sons Hardware & Paint,* 253 AD2d 417, 420 [1998]; *see also Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). In addition, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's cause of action alleging failure to warn by demonstrating that the risk of putting a hand inside the snow thrower without stopping the engine was an obvious one, and by further demonstrating, in any event, that the snow thrower contained numerous warnings cautioning users against the dangers of putting a hand inside the discharge chute without stopping the engine (*see Carbone v Alagna,* 239 AD2d 454, 456 [1997]; *Cotroneo v Sabatino,* 50 AD2d 1081 [1975], *affd* 41 NY2d 848 [1977]).

In opposition to the defendant's prima facie showings, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.