█ MURRAY ISSELBACHER et al., Appellants, v LARRY LOPEZ TRUCK EQUIPMENT MFG. Co. et al., Respondents, et al., Defendants. [887 NYS2d 232]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 30, 2008, as granted that branch of the motion of the defendant Cassel GMC Truck Sales Corp., which was for summary judgment dismissing the complaint insofar as asserted against it, and the separate motion of the defendant Larry Lopez Truck Equipment Mfg. Co., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In March 2002 the plaintiff Murray Isselbacher (hereinafter the injured plaintiff) allegedly was injured while attempting to manually engage the dump mechanism on a dump truck while the engine was running, when he reached for a lever under the truck and his hand came into contact with a rotating shaft. The injured plaintiff had purchased the truck in December 1999 from the defendant Cassel GMC Truck Sales Corp. (hereinafter Cassel). Around the same time, the defendant Larry Lopez Truck Equipment Mfg. Co. (hereinafter Lopez) installed the dump mechanism in the truck. In March 2001 the injured

plaintiff first started experiencing problems with the dump mechanism when he manually engaged the lift. The injured plaintiff manually engaged the lift in the same manner approximately five to eight times before the accident occurred.

The injured plaintiff and his wife, suing derivatively, commenced this action against, among others, Lopez and Cassel. Cassel moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Lopez separately moved for summary judgment dismissing the complaint insofar as asserted against it, contending that, among other things, the injured plaintiff's own negligence in attempting to manually engage the dump mechanism while the engine was running was the sole proximate cause of the accident. The Supreme Court granted the motions. We affirm.

In opposition to the prima facie showing of Lopez and Cassel that the sole proximate cause of the accident was the injured plaintiff's own negligence in attempting to manually engage the dump mechanism while the engine was running by reaching for a lever in close proximity to a rotating drive shaft, the plaintiffs failed to raise a triable issue of fact (*see Donuk v Sears, Roebuck & Co.*, 52 AD3d 456, 456-457 [2008]; *Sorrentino v Paganica*, 18 AD3d 858 [2005]; *Amaya v L'Hommedieu*, 6 AD3d 638, 639 [2004]). Accordingly, the Supreme Court properly granted that branch of Cassel's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and Lopez's separate motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur. [*See* 2008 NY Slip Op 30297(U).]