■ JAGGERNAUTH SUGRIM, Appellant-Respondent, et al., Plaintiff, v RYOBI TECHNOLOGIES, INC., et al., Respondents-Appellants. [901 NYS2d 327]—

In an action to recover damages for personal injuries, etc., the plaintiff Jaggernauth Sugrim appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 20, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as sought to recover damages based upon a manufacturing defect and failure to warn, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as sought to recover damages based upon a design defect or, in the alternative, to change the venue of the action from Queens County to Nassau County.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Jaggernauth Sugrim allegedly was injured while using a table saw without a blade guard. The saw was manufactured by the defendant Ryobi Technologies, Inc., and sold by the defendant Home Depot USA, Inc. The injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries. The complaint alleged theories of negligence, breach of warranty, and strict products liability

based on a manufacturing defect, design defect, and failure to warn. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as sought to recover damages based upon a manufacturing defect and failure to warn, but denied those branches of the motion which were for summary judgment dismissing so much of the complaint as sought to recover damages based upon a design defect or, in the alternative, to change the venue of the action from Queens County to Nassau County. We affirm.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages based upon a manufacturing defect by submitting the deposition testimony of the injured plaintiff, which established that the saw operated properly (*see Caprara v Chrysler Corp.*, 52 NY2d 114, 128-129 [1981]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 478-479 [1980]). Additionally, the defendants made a prima facie showing of entitlement to summary judgment dismissing so much of the complaint as sought to recover damages based upon a failure to warn. The duty to warn does not arise when the injured party is already aware of the specific hazard or the danger was readily discernible (*see Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]; *Rodriguez v Sears, Roebuck & Co.*, 22 AD3d 823, 823-824 [2005]; *Banks v Makita, U.S.A.*, 226 AD2d 659, 660 [1996]). At his deposition, the injured plaintiff testified that he had used a table saw at his place of employment prior to the date of the accident and knew that he should use a blade guard.

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based upon a design defect. The defendants met their prima facie burden by submitting deposition testimony and documentary evidence demonstrating that it was not feasible to attach a permanent blade guard to the table saw (*see Banks v Makita, U.S.A.*, 226 AD2d at 660-661). However, in opposition, the plaintiffs raised triable issues of fact by submitting the affidavit of an expert stating that an alternative design was available at the time the subject saw was manufactured in the form of a permanent, retractable over-the-arm blade guard (*see Cwiklinski v Sears, Roebuck & Co., Inc.*, 70 AD3d 1477, 1479-1480 [2010];

*Giunta v Delta Intl. Mach.*, 300 AD2d 350, 352 [2002]; *Ganter v Makita U.S.A.*, 291 AD2d 847, 847-848 [2002]).

Finally, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was to change venue, as the defendants did not make the motion promptly after learning of the injured plaintiff's true residence (*see Herrera v R. Conley Inc.*, 52 AD3d 218 [2008]; *Diaz v Clock Tower Assoc.*, 271 AD2d 290 [2000]; *cf. LaMantia v North Shore Univ. Hosp.*, 259 AD2d 294 [1999]; *Philogene v Fuller Auto Leasing*, 167 AD2d 178, 178-179 [1990]). Skelos, J.P., Miller, Leventhal and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30634(U).]**