■ WALTER ANDRADE, Appellant, v T.C. DUNHAM PAINT COMPANY, INC., et al., Respondents. [955 NYS2d 63]—

The plaintiff alleges that he was injured when, while he was applying a solvent-based lacquer sealer to the floor of an apartment, the vapors of the sealer ignited after coming into contact with an unidentified ignition source. The plaintiff thereafter

commenced this action against the defendant Akzo Nobel Coatings, Inc. (hereinafter Akzo), the manufacturer of the sealer, and the defendants T.C. Dunham Paint Company, Inc., T.C. Dunham Paint & Coatings Co., Inc., and D & F Paint Co., Inc., which distributed the sealer. Upon completion of discovery, the latter three defendants moved, and Akzo cross-moved, inter alia, for summary judgment dismissing so much of the complaint as was to recover damages for strict products liability for design defects insofar as asserted against each of them. The Supreme Court, among other things, granted those branches of the motion and cross motion. The plaintiff appeals, and we reverse the order insofar as appealed from.

The defendants established their respective prima facie entitlements to judgment as a matter of law by demonstrating that the solvent-based sealer, as designed, was "reasonably safe for its intended use; that is, the utility of the product outweigh[ed] its inherent danger" (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 31 [2011]; *see Parra v D & F Paint Co., Inc.*, 38 AD3d 865 [2007]). Specifically, the defendants' expert affidavits established that the volatile solvent contained in the defendants' sealer was critical to the sealer's ability to dry quickly and results in a quality finish to the wood upon which it is applied, that the sealer is cost effective for users, and that the sealer may be safely used when the warnings and instructions provided on the sealer's label are followed. Thus, the defendants established, prima facie, that the sealer's utility outweighs its inherent danger as a highly flammable solvent (*see Parra v D & F Paint Co.*, 38 AD3d at 866).

In opposition, however, the plaintiff raised a triable issue of fact as to whether the utility of the solvent-based sealer did not outweigh its inherent danger because particular water-based sealers, which were safer than the solvent-based sealer, were equally useful (*see generally Adams v Genie Indus., Inc.*, 14 NY3d 535, 543-544 [2010]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]).

In *Felix v Akzo Nobel Coatings* (262 AD2d 447 [1999]), decided in 1999, the plaintiff therein was injured while using the solvent-based sealer at issue in the present case, and sought damages based upon the theory of design defect. On a motion for summary judgment made by the defendants in that case, this Court concluded that the plaintiff had failed to raise a triable issue of fact as to whether a water-based lacquer sealer was a reasonably safe alternative. The Court observed that the plaintiff's own expert had testified at a deposition that "there was no way to make a quick-drying lacquer sealer offering the

same results as those from solvent-based lacquer sealers using alternative fluids" (*id.* at 448). Moreover, the plaintiff's expert in that case "admitted that the water-based products take hours longer to dry," the plaintiff did not dispute that there was a vast difference in the price of the two sealers, and the plaintiff's expert "could not name any water-based lacquer sealers matching the results obtained by the quick-drying, solvent-based lacquer sealer with respect to the appearance of the finish, its hardness, and its scratch-resistant properties" (*id.* at 448-449). The plaintiff's evidence in *Parra v D & F Paint Co.* (38 AD3d at 866), similarly failed to raise a triable issue (*see Perez v Radar Realty*, 34 AD3d 305 [2006]).

In the present case, as an initial matter, the Supreme Court providently exercised its discretion in considering the affidavit of the plaintiff's expert, Arad Ben Bassat, submitted in opposition to the motion and cross motion of fact (*see Rivers v Birnbaum*, — AD3d —, 2012 NY Slip Op 06935 [2012] [decided herewith]). In light of that affidavit, in addition to the affidavit of a second expert, Lennard Wharton, the plaintiff here produced evidence sufficient to raise a triable issue of fact. Bassat, the owner of a floor-finishing business who has performed that type of work for more than 10 years, averred that water-based sealers had "improved dramatically over the past 10 years," and that, at least since 2003, these sealers have been "commonly used and commercially accepted" in the industry. According to Bassat, he used two enumerated water-based sealers, and, despite the indication of a two or two-to-three hour drying time on the labels of those products, it was his practical experience that those sealers generally dried in less than 20 minutes, which was the same drying time as the solvent-based sealers. Additionally, Bassat averred that, at least since 2003, both water-based and solvent-based sealers had a cost of approximately $20 per gallon, and that water-based solvents had a 20% larger coverage area, making them even more cost effective. According to Bassat, even if water-based sealers produced any raise in the grain of the wood to which it was applied, that effect was eliminated by "screening," which is a "fine light sanding which is done to even out the sealer coat." Significantly, Bassat averred that screening must be done whether a water-based or a solvent-based sealer is used. Finally, Bassat asserted that, in his experience, each product was equally useful at preventing the top or finish coat, which is applied to the wood after the sealer coat, from penetrating the wood's surface.

In addition, the plaintiff's second expert, Wharton, rebutted the defendants' showing that the solvent-based sealer may be

safely used when users heed the warnings and instructions. In that respect, Wharton averred that various conditions out of the users' control, such as the unavoidable existence of certain ignition sources and lack of wind currents, would frustrate a user's ability to use the product in accordance with the instructions. Further, Wharton explained why some of the instructions provided as to how to achieve adequate ventilation would be too complicated for an ordinary user.

Accordingly, unlike in *Felix* and *Parra,* the plaintiff in this case submitted evidence that was sufficient to raise a triable issue of fact as to whether "the utility of the product outweigh[ed] its inherent danger" (*Yun Tung Chow v Reckitt & Colman, Inc.,* 17 NY3d at 31; *see generally Voss v Black & Decker Mfg. Co.,* 59 NY2d at 108; *Fahey v A.O. Smith Corp.,* 77 AD3d 612, 615 [2010]; *Sugrim v Ryobi Tech., Inc.,* 73 AD3d 904, 905 [2010]). The subject branches of the defendants' motion and cross motion, therefore, should have been denied. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.