*662 The defendants Holzmacher, McLendon & Murrell, EC., and Michael Bonacasa (hereinafter together the HM&M defendants) established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them and dismissing the cross claim asserted against them by the defendant B and A Demolition and Removal, Inc. (hereinafter B and A). However, in opposition to the HM&M defendants’ motion, the plaintiffs and B and A raised triable issues of fact. Accordingly, the Supreme Court properly denied those branches of the HM&M defendants’ motion which were for summary judgment dismissing the complaint insofar as asserted against them and dismissing the cross claim against them by B and A (see Kung v Zheng, 73 AD3d 862, 863 [2010]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The Supreme Court granted that branch of the cross motion of the defendants Town of Hempstead, Town of Hempstead Department of Buildings, Brian Nocella, and Mark Schwarz (hereinafter collectively the Town defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. Having done so, the court should have, in turn, denied as academic that branch of the Town defendants’ cross motion which was for summary judgment on their cross claim against the HM&M defendants for common-law indemnification (cf. Smith v South Bay Home Assn., Inc., 102 AD3d 668, 669-670 [2013]; Ingram v Long Is. Coll. Hosp., 101 AD3d 814, 816 [2012]). Moreover, that branch of the HM&M defendants’ motion which was for summary judgment dismissing the Town defendants’ cross claim against them for common-law indemnification was properly denied because that issue is academic. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.