■ GURAMI SHAMIR, Appellant, v EXTREMA MACHINERY COMPANY, INC., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. GALA WOODWORKING, INC., Third-Party Defendant-Respondent. [3 NYS3d 389]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated June 10, 2013, as granted the motion of the defendant Extrema Machinery Company, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Extrema Machinery Company, Inc., which was for summary judgment dismissing the cause of action alleging

defective design insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in granting that branch of the motion of the defendant Extrema Machinery Company, Inc. (hereinafter Extrema), which was for summary judgment dismissing the cause of action sounding in defective design insofar as asserted against it. Extrema established its prima facie entitlement to judgment as a matter of law by submitting documentary evidence demonstrating that it was not feasible to attach a permanent blade guard to the table saw the plaintiff was using when he was injured (*see Sugrim v Ryobi Tech., Inc.*, 73 AD3d 904, 905 [2010]). However, in opposition, the plaintiff raised a triable issue of fact by submitting the affidavit of an expert stating that, at the time the subject saw was manufactured, an alternative design was available in the form of a permanent overarm blade guard (*see id.* at 905-906; *Cwiklinski v Sears, Roebuck & Co., Inc.*, 70 AD3d 1477, 1479-1480 [2010]; *Giunta v Delta Intl. Mach.*, 300 AD2d 350, 352 [2002]; *Ganter v Makita U.S.A.*, 291 AD2d 847, 847-848 [2002]).

However, the Supreme Court properly granted that branch of Extrema's motion which was for summary judgment dismissing the cause of action sounding in failure to warn. The duty to warn does not arise when the injured party is already aware of the specific hazard, or the danger is readily discernible (*see Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]; *Sugrim v Ryobi Tech., Inc.*, 73 AD3d at 905; *Rodriguez v Sears, Roebuck & Co.*, 22 AD3d 823, 823-824 [2005]; *Banks v Makita, U.S.A.*, 226 AD2d 659, 660 [1996]). In support of its motion Extrema submitted a transcript of the plaintiff's deposition, at which he testified that he was a professional cabinetmaker with 26 years of experience, and that he had worked with table saws that were similar to the subject saw for more than 20 years. Under these circumstances, the danger of using a table saw without a blade guard was readily discernible to him. In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.