■ YEVGENY GORBATOV, Appellant, v MATFER GROUP et al., Respondents. [26 NYS3d 92]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 15, 2013, as granted those branches of the separate motions of the defendant Crate & Barrel, Inc., and the defendants Matfer Group and Matfer, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff severed the tip of his thumb while using a mandoline slicer to slice a lemon. The plaintiff commenced this action against the defendant Matfer Group as the designer and manufacturer of the mandoline slicer, the defendant Matfer, Inc., as the distributor of the mandoline slicer (hereinafter together the Matfer defendants), and the defendant Crate & Barrel, Inc. (hereinafter Crate & Barrel), as the retailer of the mandoline slicer. Crate & Barrel and the Matfer defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, among other things, granted those branches of their separate motions. We affirm the order insofar as appealed from.

"Where a plaintiff is injured as a result of a defectively designed product, the product manufacturer or others in the chain of distribution may be held strictly liable for those injuries" (*Hoover v New Holland N. Am., Inc.*, 23 NY3d 41, 53 [2014]). "[A] defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use," and "whose utility does not outweigh the danger inherent in its introduction into the stream of commerce" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983] [internal quotation marks omitted]; *see Hoover*

*v New Holland N. Am., Inc.*, 23 NY3d at 53). In addition, a plaintiff may recover in strict products liability where the product is defective "because of a mistake in the manufacturing process . . . or because the manufacturer failed to provide adequate warnings regarding the use of the product" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d at 106-107 [citation omitted]; *see Haight v Banner Metals*, 300 AD2d 356, 357 [2002]). "Summary judgment in a strict products liability case may be granted on the basis of the plaintiff's conduct when the plaintiff's actions constituted 'the sole proximate cause' of his or her injuries" (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 34 [2011], quoting *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 534 [1991]).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The expert evidence submitted in connection with the defendants' motions demonstrated, among other things, that the mandoline slicer was manufactured in accordance with its patent, that the warnings and instructions accompanying the product were adequate, and that the mandoline slicer was "reasonably safe for its intended use; that is, the utility of the product outweigh[ed] its inherent danger" (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d at 31; *see Chavez v Delta Intl. Mach. Corp.*, 130 AD3d 667, 669 [2015]; *Andrade v T.C. Dunham Paint Co., Inc.*, 99 AD3d 834, 835 [2012]). The defendants further established, prima facie, that the sole proximate cause of the accident was the plaintiff's own negligence in attempting to slice a lemon without using the "safety pusher" in violation of the product's instructions (*see Isselbacher v Larry Lopez Truck Equip. Mfg. Co.*, 66 AD3d 840, 841 [2009]; *Donuk v Sears, Roebuck & Co.*, 52 AD3d 456, 456-457 [2008]; *Sorrentino v Paganica*, 18 AD3d 858, 859 [2005]).

In opposition to the defendants' prima facie showings, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The plaintiff did not submit any expert evidence in opposition to the defendants' motions. Furthermore, the plaintiff admitted at his deposition that he viewed the instructional video that accompanied the mandoline slicer before he used it, and further admitted that he did not use the "safety pusher" in attempting to slice the lemon (*see Isselbacher v Larry Lopez Truck Equip. Mfg. Co.*, 66 AD3d at 841; *Donuk v Sears, Roebuck & Co.*, 52 AD3d at 456-457; *Sorrentino v Paganica*, 18 AD3d at 859). Accordingly, the

Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.