Hernandez v Asoli (2019 NY Slip Op 02688)





Hernandez v Asoli


2019 NY Slip Op 02688


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-04868
 (Index No. 150656/12)

[*1]Eucebio Dionisio Hernandez, respondent-appellant,
v
Vittorio Asoli, et al., respondents, Skyfood Equipment, LLC, appellant-respondent, et al., defendant.


Molod Spitz & Desantis, P.C. (Kinney Lisovicz Reilly & Wolff, P.C., New York, NY [Mark S. Hanna], of counsel), for appellant-respondent.
Kerry E. Connolly, New York, NY, for respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Skyfood Equipment, LLC, appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated March 28, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Skyfood Equipment, LLC, which was for summary judgment dismissing the causes of action alleging strict products liability and negligent design insofar as asserted against it, and, in effect, upon searching the record, awarded summary judgment to the defendant Trattoria Romana, Inc., dismissing the cross claims of the defendant Skyfood Equipment, LLC, for common-law indemnification and contribution insofar as asserted against the defendant Trattoria Romana, Inc. The order, insofar as cross-appealed from, granted those branches of the separate motions of the defendants Skyfood Equipment, LLC, and E & A Supply, Inc., which were for summary judgment dismissing the causes of action alleging failure to warn insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Skyfood Equipment, LLC, which was for summary judgment dismissing the causes of action alleging strict products liability and negligent design insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Skyfood Equipment, LLC, payable by the plaintiff, and one bill of costs to the defendants Vittorio Asoli and Trattoria Romana Inc., payable by the defendant Skyfood Equipment, LLC.
The plaintiff worked in food preparation for the defendant Trattoria Romana, Inc. (hereinafter the restaurant), which was owned by the defendant Vittorio Asoli. At the direction of Asoli, the plaintiff was grating cheese at the restaurant with a commercial cheese grater that was [*2]attached to and powered by a meat grinder. With the intention of dislodging a piece of cheese from the cheese grater, the plaintiff placed his hand into the hopper of the cheese grater without turning off the meat grinder. The plaintiff's fingers came in contact with the spinning blade of the grinder, causing him to sustain the loss of several fingers. The plaintiff commenced this action against the restaurant and Asoli, as well as the defendant Skyfood Equipment, LLC (hereafter Skyfood), which imported and distributed the meat grinder, and the defendant E & A Supply, Inc. (hereinafter E & A), which ultimately sold the meat grinder to the restaurant. The plaintiff alleged causes of action against Skyfood and E & A sounding in strict products liability, negligent design, and failure to warn. Skyfood asserted cross claims sounding in common-law indemnification and contribution against, among others, the restaurant. The Supreme Court granted those branches of the separate motions of Skyfood and E & A which were for summary judgment dismissing the causes of action sounding in failure to warn insofar as asserted against each of them, denied those branches of those defendants' separate motions which were for summary judgment dismissing the causes of action alleging strict products liability and negligent design, and, in effect, upon searching the record, awarded summary judgment to the restaurant dismissing Skyfood's cross claims against it for common-law indemnification and contribution. Skyfood appeals, and the plaintiff cross-appeals.
The Supreme Court should have granted that branch of Skyfood's motion which was for summary judgment dismissing the causes of action alleging strict products liability and negligent design insofar as asserted against it. Skyfood established its prima facie entitlement to judgment as a matter of law dismissing those causes of action by submitting, inter alia, the deposition transcripts of the plaintiff and the affidavit of an expert, which showed that the plaintiff's own conduct of knowingly placing his hand into the hopper of the operating cheese grater without turning it off was the sole proximate cause of his injuries (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 34; Conte v Orion Bus Indus., Inc., 162 AD3d 638, 640; Gorbatov v Mafter Group, 136 AD3d 745, 746; Isselbacher v Larry Lopez Truck Equip. Mfg. Co., 66 AD3d 840, 841; Donuk v Sears, Roebuck & Co., 52 AD3d 456, 456-457; Sorrentino v Paganica, 18 AD3d 858, 859). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
We agree with the Supreme Court's determination granting those branches of the separate motions of Skyfood and E & A which were for summary judgment dismissing the causes of action alleging failure to warn insofar as asserted against each of them. Skyfood and E & A made a prima facie showing of entitlement to judgment as a matter of law dismissing those causes of action insofar as asserted against them by establishing, as a matter of law, that they had no duty to warn the plaintiff of the open and obvious danger of knowingly placing his hand into a cheese grater in close proximity to its spinning blade (see Liriano v Hobart Corp., 92 NY2d 232, 241; Smith v Stark, 67 NY2d 693, 694; Shamir v Extrema Mach. Co., Inc., 125 AD3d 636, 637; Fisher v Flanigan, 89 AD3d 1398, 1399-1400; Sugrim v Ryobi Tech., Inc., 73 AD3d 904, 905; Donuk v Sears, Roebuck & Co., 52 AD3d at 457; Rodriguez v Sears, Roebuck & Co., 22 AD3d 823, 824). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562).
In view of the foregoing determination that Skyfood is entitled to summary judgment dismissing the causes of action alleging strict products liability, negligent design, and failure to warn insofar as asserted against it, the parties' contentions regarding the dismissal of Skyfood's cross claims against the restaurant for common-law indemnification and contribution have been rendered academic, as the basis for those cross claims no longer exists (see generally Shants, Inc. v Capital One, N.A., 124 AD3d 755, 760; Parabit Realty, LLC v Town of Hempstead, 113 AD3d 661, 662; Smith v South Bay Home Assn., Inc., 102 AD3d 668, 669-670).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court