■ VALLEY CADILLAC CORPORATION, Respondent, v MARK A. DICK, Appellant. [661 NYS2d 105] —Order unanimously reversed and judgment insofar as appealed from reversed on the law without costs, motion granted and complaint dismissed. Memorandum: City Court erred in denying defendant's motion, made at the conclusion of plaintiff's case-in-chief, to dismiss the complaint insofar as it purported to assert a cause of action for breach of a contractual warranty. The complaint in this case is a formal pleading "as in supreme court practice" (UCCA 902 [a]). "A complaint for breach of contract must allege the provisions of the contract upon which the claim is based" (*Copeland v Weyerhaeuser Co.*, 124 AD2d 998, *lv dismissed* 69 NY2d 944). It must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract" (*Chrysler Capital Corp. v Hilltop Egg Farms*, 129 AD2d 927, 928). A "proposed cause of action for breach of express warranty is insufficient because of failure to set forth the terms of the warranty upon which [plaintiff relies]" (*Copeland v Weyerhaeuser Co., supra*, at 998). The instant complaint does not allege that defendant breached a specific provision of the parties' contract, and the contract is not annexed to the complaint. Further, in responding to defendant's motion to dismiss, plaintiff did not cross-move to amend the complaint to conform the pleadings to the proof. Thus, the court should have granted defendant's motion. (Appeal from Order of Monroe County Court, Connell, J.—Breach of Contract.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.