■ TYMEEK DAVIS et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants, and HANES CORPORATION, Respondent. [668 NYS2d 391] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated January 2, 1996, which granted the motion of the defendant Hanes Corporation for summary judgment dismissing the complaint and all counterclaims insofar as asserted against it, and the defendant New York City Housing Authority separately appeals, as limited by its brief, from so much of the same order as dismissed its cross claim insofar as asserted against the defendant Hanes Corporation.

Ordered that the order is modified by deleting the provision thereof which granted those branches of the motion which were for summary judgment dismissing the plaintiffs' causes of action and the cross claim sounding in negligence, strict products liability, and breach of implied warranty, and substituting therefor a provision denying those branches of the motion, and those causes of action and the cross claim are reinstated against the defendant Hanes Corporation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On October 25, 1992, the infant plaintiff, Tymeek Davis, sustained severe burns to the top of his head, neck, arms, and back when the T-shirt he was wearing ignited during a fire in the apartment where he lived. The T-shirt was manufactured, designed, marketed, distributed, and sold by the defendant Hanes Corporation (hereinafter Hanes). Subsequently, the plaintiff and his mother commenced an action against the defendant New York City Housing Authority to recover damages based on a faulty door lock and the failure to provide smoke alarms and smoke detectors, and against Hanes alleging negligence, strict products liability, and breach of implied and express warranties. After issue was joined, Hanes moved to dismiss the complaint on the ground that the State common-law causes of action were preempted by the Federal Flammable Fabrics Act (*see,* Flammable Fabrics Act, 15 USC § 1191 *et seq.* [hereinafter the FFA]). The Supreme Court granted the motion and dismissed the complaint and the cross claim insofar

as asserted against it. We disagree and find that the causes of action and the cross claim sounding in negligence, strict liability, and breach of implied warranty were improperly dismissed.

The issue of whether the provisions of the FFA preempt State common-law causes of action was recently addressed by this Court. In *Perez v Mini-Max Stores* (231 AD2d 162), a case with similar facts, we analyzed the preemption provisions of the FFA in light of its legislative history, and other recent cases preempting State common-law actions. We determined that when Congress amended the FFA in 1976, its intent was to preempt inconsistent State statutory enactments rather than all State laws. We note that the Supreme Court relied, in part, upon *Wilson v Bradlees of New England* (1995 WL 688959 [US Dist Ct, D NH]). That case, however, was reversed by the First Circuit Court of Appeals, which held that the Act did not preempt State tort claims (*see also, Wilson v Bradlees of New England,* 96 F3d 552, *cert denied sub nom. Union Underwear Co. v Wilson,* 519 US 1149). As a result, the claims sounding in negligence, strict liability, and breach of implied warranty were improperly dismissed.

The cause of action and the cross claim sounding in breach of express warranty, however, were properly dismissed, since the plaintiffs failed to set forth the terms of the warranty upon which they relied (*see, Copeland v Weyerhaeuser Co.,* 124 AD2d 998).

The appellants' remaining contentions are without merit. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.