■ COMSEWOGUE UNION FREE SCHOOL DISTRICT, Appellant, v ALLIED-TRENT ROOFING SYSTEMS, INC., et al., Defendants, and

W.R. GRACE & Co., Respondent. [707 NYS2d 657] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated April 19, 1999, as granted that branch of the motion of the defendant, W.R. Grace & Co., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1990 two school buildings within the plaintiff Comsewogue Union Free School District were re-roofed utilizing insulation material manufactured by the defendant W.R. Grace & Co. (hereinafter Grace). After the roofs allegedly developed leaks and other problems, the plaintiff commenced this lawsuit in 1997 against Grace, among others.

The Supreme Court correctly concluded that the lack of contractual privity between the plaintiff and Grace precluded any claim for damages based upon strict liability or breach of implied warranty (*see, Jaffee Assocs. v Bilsco Auto Serv.,* 58 NY2d 993; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 114 AD2d 728). Furthermore, under the circumstances of this case, the plaintiff cannot recover in tort against Grace (*see, Bocre Leasing Corp. v General Motors Corp.,* 84 NY2d 685; *cf., Sommer v Federal Signal Corp.,* 79 NY2d 540). The plaintiff's cause of action to recover damages for breach of express warranty based upon representations made in Grace's product literature was time-barred at the time this action was commenced since the representations do not "explicitly extend to future performance" (UCC 2-725 [2]; *see, Parrino v Sperling,* 232 AD2d 618). Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.