■ MARIO CATALANO, Appellant, v HERAEUS KULZER, INC., Respondent. [759 NYS2d 159] —In an action, inter alia, to recover damages for strict products liability and breach of implied and express warranties, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 18, 2002, which denied his motion for class certification, granted the defendant's cross motion for summary judgment dismissing the amended complaint, and denied his separate motion, among other things, for leave to amend the amended complaint to assert certain statutory causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for breach of express warranty and substituting therefor a provision denying that branch of the defendant's cross motion and reinstating that cause of

action; as so modified, the order is affirmed, without costs or disbursements.

The defendant was the exclusive distributor in the United States of a polymer-based system of dental restorations, known as Artglass. Through sales literature, the defendant promoted Artglass materials to dental laboratories, from which dentists ordered fabricated dental restorations to be installed in dental patients' mouths.

The plaintiff, a licensed dentist in New York, commenced this action on behalf of himself and other dentists similarly situated, asserting causes of action, inter alia, to recover damages for strict products liability and breach of implied and express warranties. The plaintiff alleged, among other things, that Artglass materials were defectively designed and that this defect caused dental restorations fabricated from the materials to fail prematurely.

The plaintiff moved to certify the class. The defendant cross-moved for summary judgment dismissing the amended complaint, and the plaintiff separately moved, inter alia, for leave to amend his amended complaint to assert certain statutory causes of action. The Supreme Court granted the defendant's cross motion, and denied the plaintiff's motion and separate motion.

The Supreme Court properly denied the plaintiff's motion for class certification. The purportedly common issues advanced by the plaintiff in his amended complaint and in support of his motion are dependent upon resolution of, inter alia, issues of causation and reliance as to each member of the putative class (see Geiger v American Tobacco Co., 277 AD2d 420 [2000]; see also Komonczi v Fields, 232 AD2d 374 [1996]; Rosenfeld v Robins Co., 63 AD2d 11 [1978]). Therefore, the statutory prerequisite that common questions of law or fact "predominate over any questions affecting only individual members" (CPLR 901 [a] [2]) was not satisfied.

The Supreme Court correctly granted those branches of the defendant's cross motion which were for summary judgment dismissing the plaintiff's causes of action to recover damages for strict products liability and negligence, based upon the economic loss rule. The plaintiff, who sought to recover damages for loss of professional reputation and business goodwill, suffered no personal injury or property damage as a result of the alleged failures of Artglass-fabricated restorations (see Bellevue S. Assoc. v HRH Constr. Corp., 78 NY2d 282 [1991]; see also Travelers Ins. Cos. v Howard E. Conrad, Inc., 233 AD2d 890 [1996]; McDowell v Atco Rubber Prods., 221 AD2d 876 [1995]),

and there was no actual privity of contract between the parties or a relationship so close as to approach that of privity (*see Yanas v Albany Med. Ctr. Hosp.,* 294 AD2d 769 [2002]; *see also Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417 [1989]). The Supreme Court also correctly granted that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's causes of action to recover damages for breach of implied warranty, since the essential element of contractual privity between the parties was clearly lacking (*see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys.,* 272 AD2d 360 [2000]; *Ofsowitz v Georgie Boy Mfg.,* 231 AD2d 858 [1996]).

However, the Supreme Court erred in granting that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for breach of express warranty. While the defendant contends that this claim must be dismissed because the plaintiff failed to identify the specific advertisements upon which he purportedly relied in deciding to utilize Artglass-fabricated restorations, the plaintiff submitted copies of various promotional literature regarding Artglass materials and averred that he relied on language contained in the literature. Therefore, the plaintiff sufficiently set forth the terms of the purported warranty upon which he relied (*see Valley Cadillac Corp. v Dick,* 238 AD2d 894 [1997]; *cf. Green v Dolphy Constr. Co.,* 187 AD2d 635 [1992]), and, as such, demonstrated the existence of triable issues of fact in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, with respect to the cause of action to recover damages for breach of express warranty.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Smith, McGinity and Schmidt, JJ., concur.