■ KENNETH PARKER, Respondent, v CROWN EQUIPMENT CORPORATION, Formerly Known as CROWN CONTROLS CORP., et al., Appellants, et al., Defendants. KENNETH PARKER, Respondent, v CROWN EQUIPMENT CORPORATION, Formerly Known as CROWN CONTROLS CORP., Appellant, et al., Defendants. KENNETH PARKER, Appellant, v CROWN EQUIPMENT CORPORATION, Formerly Known as CROWN CONTROLS CORP., et al., Respondents, et al., Defendants. [835 NYS2d 46]—

Orders, Supreme Court, New York County (Rolando T. Acosta, J.), two of which entered May 15, 2006, and one entered May 16, 2006, which (1) denied the motion by defendants Crown Equipment and Barnes for summary judgment dismissing plaintiff's claim for negligent maintenance, repair and inspection of a forklift braking system, (2) denied the motion by Crown Equipment for summary judgment dismissing plaintiff's claim for punitive damages, and (3) granted the in limine motion by Crown Equipment and Barnes to the extent of ordering a *Frye* hearing before a special referee to test the admissibility of plaintiff's expert opinions, unanimously modified, on the law, the motion for summary dismissal of the punitive damage claim granted, the in limine motion for a *Frye* hearing denied, and otherwise affirmed, without costs.

Regarding the claim for negligent maintenance, repair and inspection of the stand-up forklift that allegedly caused

plaintiff's injuries, there are factual issues as to whether defendants deviated from a standard of care when servicing the vehicle, and whether faulty brakes actually caused the accident. At this point in the proceedings, defendants are unable to establish that they neither created nor were aware of the braking problems at the time of the accident by the manner in which the vehicle was inspected, repaired or maintained (*cf. Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713 [2005]).

Plaintiff's claim for punitive damages offers no evidence of conduct demonstrating a high degree of moral turpitude and wanton dishonesty as to imply criminal indifference to civil obligations to the public (*Lavanant v General Acc. Ins. Co. of Am.*, 212 AD2d 450 [1995]). The in limine motion for a hearing to determine the admissibility of plaintiff's expert opinions (*Frye v United States*, 293 F 1013 [DC Cir 1923]) was improperly granted. Where expert testimony does not involve anything "novel or experimental," it does not warrant a preliminary *Frye*-type hearing (*see Marsh v Smyth*, 12 AD3d 307, 311-312 [2004, Saxe, J., concurring]). Here, the experts' conclusions were not based on novel theories, but rather on the application of accepted protocol to the facts offered on the record (*see People v Wesley*, 83 NY2d 417, 422-423 [1994]). Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.