■ CRAIG BRUNJES et al., Plaintiffs, v LASAR MANUFACTURING COMPANY, INC., et al., Defendants, and BI-COUNTY SCALE AND EQUIPMENT CO., INC., Defendant and Third-Party Plaintiff-Respondent. STAD MEAT CORP., Third-Party Defendant; BERKEL COMPANY, Third-Party Defendant-Appellant. [835 NYS2d 385]—

In an action to recover damages for personal injuries, etc., the second third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered July 27, 2006, as denied that branch of its motion which was for summary judgment dismissing the second third-party complaint and granted that branch of the cross motion of the defendant third-party plaintiff/second third-party plaintiff which was for conditional summary judgment on its cause of action for indemnification against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for conditional summary judgment on the cause of action for indemnification against the appellant and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Craig Brunjes alleges that he was injured while using a defective Butcher Boy Meat Mixer, Model 150F (hereinafter the Meat Mixer). The second third-party defendant, Berkel Company (hereinafter Berkel), which was the sole authorized distributor of Butcher Boy equipment in the United States, bought the Meat Mixer from the manufacturer and sold it to the defendant third-party plaintiff/second third-party plaintiff

Bi-County Scale and Equipment Co., Inc. (hereinafter Bi-County). Bi-County, which was Berkel's local distributor, re-sold the Meat Mixer to Brunjes' employer.

The plaintiffs commenced this action alleging, inter alia, that Bi-County was liable in strict products liability because it distributed the defectively designed Meat Mixer and in common-law negligence because it negligently serviced and installed the Meat Mixer and certified that it complied with applicable safety regulations. Bi-County commenced a second third-party action for contribution and indemnification against Berkel. As relevant here, Berkel moved for summary judgment dismissing the second third-party complaint and Bi-County cross-moved for summary judgment dismissing the complaint or, alternatively, for entry of a conditional order of indemnification against Berkel.

If the plaintiffs prevail on their strict products liability cause of action against Bi-County, then Bi-County may be entitled to indemnification against Berkel, as the "upstream" distributor of the Meat Mixer (*see Godoy v Abamaster of Miami*, 302 AD2d 57, 62-63 [2003]; *Promaulayko v Johns Manville Sales Corp.*, 116 NJ 505, 515, 562 A2d 202, 207 [1989]; Restatement [Third] of Torts § 22 [a] [2] [ii]). Accordingly, the Supreme Court correctly denied Berkel's motion for summary judgment dismissing the second third-party complaint.

Having denied Bi-County's motion for summary judgment dismissing the complaint, however, the Supreme Court erred in granting conditional summary judgment in favor of Bi-County and against Berkel. The plaintiffs allege that Bi-County is liable both in strict products liability and based on its negligent installation and service of the machine. Since Bi-County did not establish entitlement to summary judgment dismissing the negligence cause of action, it also failed to establish its entitlement to conditional summary judgment on its claim for indemnification against Berkel (*see Watters v R.D. Branch Assoc., LP,* 30 AD3d 408, 409-410 [2006]; *cf. Godoy v Abamaster of Miami, supra*). Thus, the conditional grant of summary judgment in favor of Bi-County on its cause of action for indemnification was premature. Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.