■ Anthony Hutchinson et al., Respondents, v Crown Equipment Corp. et al., Appellants, et al., Defendant. [852 NYS2d 187]—

In an action to recover damages for personal injuries, etc., the defendants Crown Equipment Corp. and Crown Credit Company appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 9, 2005, which denied their motion in limine to preclude the plaintiff from introducing expert testimony on the theory of defective design with respect to the lack of a compartment door and for summary judgment dismissing the complaint as predicated upon that theory of liability insofar as asserted against them, and denied their separate motion seeking the same relief insofar as it relates to the theory of defective design with respect to the braking system.

Ordered that the order is affirmed, with costs.

The plaintiff Anthony Hutchinson was injured while working on a forklift manufactured by the defendant Crown Equipment Corp., and leased to his employer by the defendant Crown Credit Company (hereinafter collectively the Crown defendants). He and his wife, the plaintiff Denise Hutchinson, brought this action asserting claims, inter alia, of design defect and products liability. The plaintiffs sought to prove the existence of a design defect through the testimony of an expert who was of the opinion that the forklift should have been equipped with a compartment door which would have prevented the plaintiff Anthony Hutchinson from being ejected from the forklift at the time of the accident, and that its braking system was defectively designed as it did not employ "redundancy and/or failsafe circuitry."

The Crown defendants moved to preclude the testimony of the plaintiffs' expert, or alternatively, for a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]), and also moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court did not improvidently exercise its discretion in determining that the plaintiffs' expert witness was qualified to testify (*see Pignataro v Galarzia*, 303

AD2d 667 [2003]). Moreover, under the facts of this case, the plaintiffs' expert's conclusions as to the lack of a compartment door and the defective design of the braking system were not based on novel theories and did not warrant a preliminary *Frye*-type hearing (*see Parker v Crown Equip. Corp.*, 39 AD3d 347 [2007]; *see also Frye v United States*, 293 F 1013 [1923]).

In response to the prima facie showing of entitlement to judgment as a matter of law by the Crown defendants, the plaintiffs' expert's affidavit sufficiently raised issues of fact concerning both the lack of a compartment door and the allegedly defective braking system. Therefore, the Supreme Court properly denied the Crown defendants' motions for summary judgment dismissing the complaint insofar as asserted against them (*see Milazzo v Premium Tech. Servs. Corp.*, 7 AD3d 586 [2004]).

The Crown defendants' remaining contentions are without merit. Fisher, J.P., Santucci, Lifson and Covello, JJ., concur.