■ MARIE PIERRE-LOUIS, Respondent, v DeLONGHI AMERICA, INC., et al., Appellants, and ANTONEEN DARDEN et al., Respondents. [887 NYS2d 628]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendants DeLonghi America, Inc., and Home Depot, Inc., appeal from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 4, 2008, as amended by an order of the same court dated August 1, 2008, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order, as amended, is affirmed insofar as appealed from, with costs to the respondents appearing separately and filing separate briefs, payable by the appellants.

This appeal arises from a fire that occurred on January 13, 2003 at the home of Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall (hereinafter Darden), which took the life of Cassandra Pierre-Louis (hereafter the decedent). On the day of the fire, the decedent was a guest of Darden's son, the defendant Marques McCall, also known as Marcus McCall (hereafter Marques). According to the New York City Fire Department, a portable oil-filled space heater, manufactured by the defendant DeLonghi America, Inc. (hereafter DeLonghi), sold by the defendant Home Depot, Inc. (hereafter Home Depot), and purchased by Darden the day before the fire, caused the subject fire. Darden's other son, the defendant Matthew McCall (hereafter Matthew), had taken the heater out of the box when it was brought home, and, unintentionally, placed it upside down. It is undisputed that he was the only user of the subject heater prior to the fire.

The plaintiff commenced this action against, among others, DeLonghi and Home Depot, seeking, inter alia, to recover damages for personal injuries and wrongful death, alleging causes of action sounding in strict products liability. The plaintiff alleged that the heater was defectively manufactured and/or designed, and alleged a failure to warn regarding the use of the heater. DeLonghi and Home Depot (hereafter together the movants) moved for summary judgment dismissing the complaints and all cross claims insofar as asserted against them. The Supreme Court denied the motion.

"[A] manufacturer may be held liable for placing into the stream of commerce a defective product which causes injury" (*Gebo v Black Clawson Co.,* 92 NY2d 387, 392 [1998]). This burden is also imposed on a "wholesaler, distributor, or retailer who sells a product in a defective condition" (*Godoy v Abamaster of Miami,* 302 AD2d 57, 60 [2003]).

There are three distinct claims for strict products liability: "(1) a mistake in manufacturing . . . (2) an improper design . . . or (3) an inadequate or absent warning for the use of the product" (*Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55, 61-62 [1980]; *see Sukljian v Ross & Son Co.*, 69 NY2d 89 [1986]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 478-479 [1980]).

Contrary to the movants' contention, they did not meet their initial burden of demonstrating prima facie entitlement to judgment as a matter of law with regard to the manufacturing defect claims (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). "[A] defectively manufactured product is flawed because it is misconstructed without regard to whether the intended design of the manufacturer was safe or not. Such defects result from some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction" (*Caprara v Chrysler Corp.*, 52 NY2d 114, 128-129 [1981]). Here, the movants' own expert admitted that welds in the subject heater model would breech and oil would spurt out when the heater is operated in the upside down position, and DeLonghi's own president admitted that it was reasonably foreseeable that the subject heater would be operated in the upside down position, and specifically knew that the subject heater had previously been operated is such manner by users for a number of years prior to the subject fire.

The movants did, however, meet their initial burden of demonstrating prima facie entitlement to judgment as a matter of law regarding the design defect claims, through the submission of the opinion of their expert explaining that the subject heater was not defectively designed (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

"To establish a prima facie case in a strict products liability action predicated on a design defect, a plaintiff must show that the manufacturer marketed a product which was not reasonably safe in its design, that it was feasible to design the product in a safer manner, and that the defective design was a substantial factor in causing the plaintiff's injury" (*Gonzalez v Delta Intl. Mach. Corp.*, 307 AD2d 1020, 1021 [2003]; *see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]; *Ramirez v Sears, Roebuck & Co.*, 286 AD2d 428, 430 [2001]).

Contrary to the movants' contention, however, the plaintiff established the existence of triable issues of fact as to the design defect claims, through the opinions submitted by her two experts (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). "Where, as here, a qualified expert opines that a partic-

ular product is defective or dangerous, describes why it is dangerous, explains how it can be made safer, and concludes that it is feasible to do so, it is usually for the jury to make the required risk-utility analysis" (*Wengenroth v Formula Equip. Leasing, Inc.,* 11 AD3d 677, 680 [2004]; *see Garrison v Clark Mun. Equip.,* 241 AD2d 872, 874 [1997]; *Gokey v Castine,* 163 AD2d 709, 711 [1990]; *Gardner v Dixie Parking Corp.,* 80 AD2d 577, 578 [1981]). Thus, considering the conflicting expert opinions concerning the reasonableness of the heater's design, the Supreme Court correctly determined that a question of fact exists concerning an alleged design defect (*see Steuhl v Home Therapy Equip., Inc.,* 51 AD3d 1101 [2008]).

Contrary to the movants' contention, they did not meet their initial burden of demonstrating prima facie entitlement to summary judgment dismissing the failure-to-warn claims (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The movants contend that the plaintiff cannot prevail on her claim based upon failure to warn because Matthew did not read the warnings contained in the instructions for the subject heater that operating it in the upside position can create a hazard. However, Matthew testified at his examination before trial that the heater unit was the only item that came out of the box when he set it up the day before the fire and that the only writing he saw on the subject heater itself were the numbers on the temperature dial, which contained no warning. Resolving all reasonable inferences in the manner most favorable to the opponents of the movants' summary judgment motion (*see Nicklas v Tedlen Realty Corp.,* 305 AD2d 385 [2003]; *Henderson v City of New York,* 178 AD2d 129, 130 [1991]), the movants did not establish, as a matter of law, that the subject heater actually came with the subject instructions and, therefore, with adequate warnings.

Accordingly, the Supreme Court properly denied the movants' summary judgment motion. Skelos, J.P., Fisher, Belen and Lott, JJ., concur. [*See* 19 Misc 3d 1127(A), 2008 NY Slip Op 50918(U).]