TASHEE T. PARKER, Appellant, v RAYMOND CORPORATION et al., Respondents. [930 NYS2d 27]—

The plaintiff allegedly was injured when the forklift he was driving failed to properly brake and collided with another

machine. According to the plaintiff, he lost his balance moments before impact such that his left foot was "hanging out a little bit" and became lodged between the two machines. He commenced this action against the defendant Raymond Corporation (hereinafter Raymond), which manufactured the subject forklift, and Abel-Womack Corporation (hereinafter Abel-Womack), which serviced the forklift, alleging that Raymond was liable for defectively designing and manufacturing the forklift, failing to provide adequate warnings, and breaching express and implied warranties, and that Abel-Womack negligently maintained the subject forklift. The defendants moved for summary judgment dismissing the complaint, and submitted evidence, among other things, showing that the brake pads on the subject forklift were completely worn due to operator misuse, about which Abel-Womack had repeatedly warned the plaintiff's employer. The Supreme Court properly granted the defendants' motion.

Raymond established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging that it was liable for defectively designing the forklift, by demonstrating that the subject forklift, as designed, was reasonably safe (*see Adams v Genie Indus., Inc.*, 14 NY3d 535, 542-543 [2010]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). In opposition, the plaintiff failed to raise a triable issue of fact.

Although the plaintiff pleaded a manufacturing defect, his arguments relate exclusively to its design and, in any event, Raymond established that the specific forklift performed as intended (*see Denny v Ford Motor Co.*, 87 NY2d 248, 257 n 3 [1995]; *Caprara v Chrysler Corp.*, 52 NY2d 114, 128-129 [1981]). Accordingly, Raymond established, prima facie, its entitlement to summary judgment dismissing the cause of action alleging that it was liable for defectively manufacturing the forklift. In opposition, the plaintiff failed to raise a triable issue of fact.

Raymond also established that the plaintiff, who was trained in operating the subject forklift, was fully aware of the dangers related thereto. Therefore, Raymond demonstrated its prima facie entitlement to summary judgment dismissing the cause of action based on a failure to warn (*see Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]; *Smith v Stark*, 67 NY2d 693, 694 [1986]; *Sugrim v Ryobi Tech., Inc.*, 73 AD3d 904, 905 [2010]; *Rodriguez v Sears, Roebuck & Co.*, 22 AD3d 823, 824 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

Raymond was also entitled to summary judgment dismissing the cause of action alleging breach of implied warranties, since the essential element of contractual privity between the parties was clearly lacking (*see Arthur Jaffee Assoc. v Bilsco Auto Serv.*,

58 NY2d 993, 995 [1983]; *Catalano v Heraeus Kulzer, Inc.*, 305 AD2d 356, 358 [2003]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys.*, 272 AD2d 360, 361 [2000]), and Raymond established, prima facie, that the subject forklift was safe and fit for its intended purposes (*see* UCC 2-314 [2] [c]; 2-315; *Denny v Ford Motor Co.*, 87 NY2d at 259). In opposition, the plaintiff failed to raise a triable issue of fact.

Raymond also established its prima facie entitlement to summary judgment dismissing the cause of action sounding in breach of express warranty since the plaintiff failed to set forth the terms of the warranty upon which he relied (*see Davis v New York City Hous. Auth.*, 246 AD2d 575, 576 [1998]; *Valley Cadillac Corp. v Dick*, 238 AD2d 894 [1997]). The plaintiff failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Abel-Womack also established its prima facie entitlement to judgment as a matter of law. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). Abel-Womack demonstrated that it owed no duty of care to the plaintiff. Moreover, in an examination before trial, the plaintiff's own expert stated that he did not think Abel-Womack was negligent in its maintenance of the subject forklift. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's contention concerning whether it was proper to use industry standards from 2005, as opposed to 2003, is raised for the first time on appeal and, therefore, not properly before this Court (*see Lee v Port Chester Costco Wholesale*, 82 AD3d 842, 843 [2011]; *Miguel v 41-42 Owners Corp.*, 57 AD3d 488, 490 [2008]; *County of Orange v Grier*, 30 AD3d 556 [2006]). The plaintiff's remaining contentions are without merit. Skelos, J.P., Eng, Austin and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1224(A), 2010 NY Slip Op 50880(U).]**