■ HECTOR MELENDEZ, Respondent, v ABEL WOMACK, INC., et al., Appellants, et al., Defendant. [959 NYS2d 252]—

In an action to recover damages for personal injuries, the defendants Abel Womack, Inc., Raymond Corporation, LLC, and Raymond Leasing Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered November 28, 2011, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as alleged causes of action sounding in strict products liability, defective design, and negligent design insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a forklift operator, allegedly was injured when he lost control of the stand-up forklift he was operating and collided with a column. During the collision, his left foot slipped off the platform of the operator's compartment of the forklift and was crushed between the machine and the column, resulting in the amputation of the foot. Subsequently, the plaintiff commenced this action against, among others, the defendants Abel Womack, Inc., Raymond Corporation, LLC, and Raymond Leasing Company (hereinafter collectively the appellants). The plaintiff alleged, inter alia, that the appellants were liable under theories of strict products liability, defective design, and negligent design for failing to equip the subject forklift with an operator door guard, which would have prevented his injury.

The appellants correctly argue that they established their prima facie entitlement to judgment as a matter of law through the submission of an expert affidavit of an engineer at Raymond Corporation, LLC, demonstrating that the subject forklift, as designed, was reasonably safe (*see Adams v Genie Indus., Inc.*, 14 NY3d 535, 542-543 [2010]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]; *Parker v Raymond Corp.*, 87 AD3d 1115, 1116 [2011]). However, in opposition, the plaintiff raised a triable issue of fact as to whether the stand-up forklift which he operated was reasonably safe for its intended use without an operator door guard. Contrary to the appellants' contention, the

affidavit of the plaintiff's expert, who specialized in mechanical engineering and had published three peer-reviewed papers specifically on issues relating to the safety of stand-up forklifts, was sufficient to raise a triable issue of fact (*see generally Matott v Ward*, 48 NY2d 455 [1979]). The plaintiff's expert cited statistics indicating that, in general, stand-up forklifts were more likely to be involved in collisions than other types of accidents, and that an operator guard door would prevent collision-related injuries. Thus, given the conflicting expert opinions with regard to the reasonable safety of the subject forklift, the Supreme Court properly denied those branches of the appellants' motion which were to dismiss so much of the complaint as alleged causes of action sounding in strict products liability, defective design, and negligent design insofar as asserted against them (*see Hutchinson v Crown Equip. Corp.*, 48 AD3d 421 [2008]). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.