In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 2, 2012, as granted that branch of the motion of the defendant Cooper Tank & Welding Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Cooper Tank & Welding Corp. which was for summary judgment dismissing so much of the complaint as alleged negligence and strict products liability for design defect and failure to warn insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured when a metal dumpster located at the Cedar Beach Marina in Babylon tipped over as she was loading it with trash. She subsequently commenced this action against, among others, the Town of Babylon, as owner of the dumpster, and Cooper Tank & Welding Corp. (hereinafter Cooper Tank), as manufacturer of the dumpster, seeking to recover damages for negligence, strict products liability for design defect and failure to warn, and breach of express and implied warranties.
A manufacturer who places a defective product into the stream of commerce may be liable for injuries or damages caused by such product (see Gebo v Black Clawson Co., 92 NY2d 387, 392 [1998]; Liriano v Hobart Corp., 92 NY2d 232, 235 [1998]; Amatulli v Delhi Constr. Corp., 77 NY2d 525, 532 [1991]). Depending upon the factual circumstances, a person injured by a defective product may maintain causes of action under the theories of strict products liability, negligence, or breach of warranty (see Voss v Black & Decker Mfg. Co., 59 NY2d 102 [1983]).
Here, the Supreme Court properly determined that Cooper *802 Tank established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligence and strict products liability for design defect and failure to warn insofar as asserted against it (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859 [2009]).
In opposition, however, the plaintiffs submissions raised triable issues of fact. The plaintiffs engineering expert opined that it was reasonable to foresee that the subject dumpster, •because of its defective slanted-front design, could be tipped forward under reasonably foreseeable conditions of use. He also concluded, with a reasonable degree of engineering certainty, that the dumpster’s design was the proximate cause of the plaintiffs accident, that Cooper Tank could have provided reasonable means of preventing such accidents, and that Cooper Tank failed to provide adequate warnings or instructions. Contrary to the Supreme Court’s determination, the affidavit of the plaintiffs expert was not conclusory or “unsupported by fact or relevant data” (cf. Romano v Stanley, 90 NY2d 444 [1997]; Rizzo v Sherwin-Williams Co., 49 AD3d 847 [2008]). In light of the conflicting opinions of the parties’ experts, the court should have denied those branches of Cooper Tank’s motion which were for summary judgment dismissing so much of the complaint as alleged negligence and strict products liability as alleged negligence and strict products liability for design defect and failure to warn insofar as asserted against it (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d at 862; Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 680 [2004]).
Despite the foregoing, we find that the Supreme Court properly granted that branch of Cooper Tank’s motion which was for summary judgment dismissing so much of the complaint as alleged breach of express and implied warranties. Cooper Tank’s submissions in support of its motion established the absence of any express warranty upon which the plaintiff relied (see Davis v New York City Hous. Auth., 246 AD2d 575, 576 [1998]; Valley Cadillac Corp. v Dick, 238 AD2d 894 [1997]), as well as the absence of contractual privity with the plaintiff, an essential element to a claim of implied warranty (see Arthur Jaffee Assoc. v Bilsco Auto Serv., 58 NY2d 993, 995 [1983]; Catalano v Heraeus Kulzer, Inc., 305 AD2d 356, 358 [2003]; Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., 272 AD2d 360, 361 [2000]). In opposition to Cooper Tank’s prima facie showing with regard to breach of warranty, the plaintiff failed to raise a triable issue of fact. Eng, P.J., Dickerson, Chambers and Hall, JJ., concur. [Prior Case History: 2012 NY Slip Op 30777(11).]