*717 The plaintiff Thaddeus Buchanan (hereinafter the injured plaintiff) was a driver employed driving gasoline trucks. While the injured plaintiff was driving a truck that had been manufactured and sold to the injured plaintiffs employer by the defendant/third-party plaintiff, Mack Trucks, Inc. (hereinafter Mack), the vehicle’s driver’s seat allegedly collapsed, fell, or tipped from its base, causing the injured plaintiff to be injured. The injured plaintiff, and his wife suing derivatively, commenced this action against Mack alleging, inter alia, breach of warranty and strict liability based upon a defective design and manufacturing defect. Mack then commenced a third-party action against Bostrom Seating, Inc. (hereinafter Bostrom), which manufactured the subject seat. After discovery, Bostrom moved for summary judgment dismissing the complaint, and Mack separately moved for summary judgment dismissing the complaint.
The plaintiffs opposed the motions for summary judgment and cross-moved for additional time to secure an expert’s affidavit and, in effect, affidavits from three nonparty fact witnesses, and subsequently submitted the expert’s affidavit with the supplemental affirmation of the plaintiffs’ counsel. The Supreme Court denied the motions of Mack and Bostrom for summary judgment and granted the plaintiffs’ cross motion.
Mack and Bostrom established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for strict products liability based upon a defective design by submitting transcripts of deposition testimony and expert affidavits, which established that the subject seat design was “state-of-the-art” and reasonably safe (see Melendez v Abel Womack, Inc., 103 AD3d 609 [2013]; Heimbuch v Grumman Corp., 51 AD3d 865, 867 [2008]; Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1323 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the existence of a defective design (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Consequently, the Supreme Court should have granted those branches of the motions which were for summary judgment dismissing that cause of action.
Moreover, Mack established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to *718 recover damages for breach of warranty (see Donuk v Sears, Roebuck & Co., 52 AD3d 456 [2008]). Since, in opposition, the plaintiffs failed to raise a triable issue of fact, the Supreme Court erred in denying that branch of Mack’s motion (see Bauerlein v Salvation Army, 74 AD3d 851, 855 [2010]).
Mack and Bostrom, however, failed to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligence and strict products liability based upon a manufacturing defect (see Zuckerman v City of New York, 49 NY2d at 562; cf. Preston v Peter Luger Enters., Inc., 51 AD3d at 1324). Further, Bostrom did not establish its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint (see Brunjes v Lasar Mfg. Co., Inc., 40 AD3d 567, 568 [2007]). Therefore, the Supreme Court properly denied those branches of the respective motions.
Contrary to the arguments of Mack and Bostrom, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs’ cross motion for additional time to obtain an expert’s affidavit, and, in effect, affidavits from three nonparty fact witnesses, to oppose the motions for summary judgment (see Jacobs v Nussbaum, 100 AD3d 702, 703 [2012]). “[A] party’s failure to disclose its experts pursuant to CPLR 3101 (d) (1) (i) prior to the filing of a note of issue and certificate of readiness does not divest a court of the discretion to consider an affirmation or affidavit submitted by that party’s experts in the context of a timely motion for summary judgment” (Rivers v Birnbaum, 102 AD3d 26, 31 [2012]; see Brande v City of White Plains, 107 AD3d 926, 927 [2013]).
The parties’ remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.