■ GARY CECERE, Appellant, v ZEP MANUFACTURING Co. et al., Respondents. [983 NYS2d 846]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered May 1, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for negligence and strict products liability, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff allegedly was injured while using Zep Sewer-Aid F.A. (hereinafter Sewer-Aid), a product manufactured by the defendants to remove obstructions from sewers and industrial drains. The plaintiff alleges that he was wearing "wraparound safety glasses" and "chemical gloves" that extended to his elbows when he poured some of the Sewer-Aid into a floor drain in accordance with the product instructions. The product immediately blew back out of the drain and into his face, allegedly causing chemical burns to his body and permanent damage to one of his eyes. Subsequently, the plaintiff commenced this action against the defendants alleging, inter alia, theories of negligence and strict products liability based upon defective design and manufacture. The plaintiff also asserted causes of action based on breach of express and implied warranties. The defendants moved for summary judgment dismissing the complaint on the ground, among others, that, as a matter of law, the plaintiff's failure to wear an apron and splash-proof safety goggles or a face shield, as called for in Sewer-Aid's label and material safety data sheet (hereinafter MSDS), was the sole proximate cause of the accident. In the order appealed from, the Supreme Court granted the motion, finding that the plaintiff's failure to follow Sewer-Aid's label and MSDS was the sole proximate cause of his injuries.

As the proponent of the motion for summary judgment, the

defendants were required to make a prima facie showing of entitlement to judgment as a matter of law, tendering evidence sufficient to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Summary judgment may be awarded to a defendant in a strict products liability case on the basis of the plaintiff's conduct when the plaintiff's actions constituted the sole proximate cause of his or her injuries (*see Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 34 [2011]; *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 534 [1991]). Here, the defendants' submissions did not demonstrate, prima facie, that the plaintiff's handling of the Sewer-Aid or his alleged failure to follow the product's label and MSDS constituted the sole proximate cause of his injuries.

In support of their motion, the defendants merely pointed to gaps in the plaintiff's proof, rather than affirmatively establishing that they were not liable. Although the defendants submitted an expert affidavit to support their claim that Sewer-Aid was not negligently or defectively designed, the affidavit failed to establish that Sewer-Aid was reasonably safe for its intended use; that is, the utility of the subject product outweighed its inherent danger (*see Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d at 31, 33; *cf. Denny v Ford Motor Co.*, 87 NY2d 248, 257 [1995]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 109 [1983]). On the basis of the record before us, a fact-finder could conclude that the product was defective and that such defect was a substantial factor in causing the plaintiff's injuries (*cf. Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d at 33-34). Moreover, the defendants failed to establish their entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligence and strict products liability based upon a manufacturing defect (*see Buchanan v Mack Trucks, Inc.*, 113 AD3d 716, 717-718 [2014]). Therefore, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for negligence and strict products liability based upon defective design and manufacture, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly granted that branch of the defendants' motion which was for judgment as a matter of law dismissing the cause of action sounding in breach of express warranty, as the defendants demonstrated, prima facie, that the plaintiff failed to set forth any terms of an agreement upon which he relied (*see Parker v Raymond Corp.*, 87 AD3d 1115, 1117 [2011]; *Davis v New York City Hous. Auth.*, 246 AD2d 575,

576 [1998]; *Valley Cadillac Corp. v Dick*, 238 AD2d 894 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendants' motion which for summary judgment dismissing the cause of action sounding in breach of implied warranty, as the defendants' submissions established, prima facie, that there was no privity of contract between them and the plaintiff (*see Arthur Jaffee Assoc. v Bilsco Auto Serv.*, 58 NY2d 993, 995 [1983]; *Parker v Raymond Corp.*, 87 AD3d 1115, 1116 [2011]; *Catalano v Heraeus Kulzer, Inc.*, 305 AD2d 356, 358 [2003]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys.*, 272 AD2d 360, 361 [2000]). In opposition, the plaintiff failed to raise a triable of fact. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.