■ ESTHER KRACKMALNIK, Appellant, v MAIMONIDES MEDICAL CENTER et al., Respondents. [37 NYS3d 911]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated February 18, 2014, which, after a hearing, granted the defendants' motion in limine to preclude the testimony of the plaintiff's expert regarding medical causation and, thereupon, in effect, directed the dismissal of the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to preclude the testimony of the plaintiff's expert regarding medical causation is denied.

The plaintiff, by her mother and natural guardian, commenced this action against the defendants to recover damages for medical malpractice. The defendants subsequently moved in limine pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]) to preclude the plaintiff from introducing certain expert testimony on the ground that it was not generally accepted in the scientific community. The plaintiff opposed the motion. After a hearing, during which the Supreme Court heard

testimony from the plaintiff's expert, the court granted the defendants' motion and, thereupon, in effect, directed the dismissal of the complaint. We reverse.

Under the *Frye* test, "expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has 'gained general acceptance' in its specified field" (*People v Wesley*, 83 NY2d 417, 422 [1994], quoting *Frye v United States*, 293 F at 1014; *see Ratner v McNeil-PPC, Inc.*, 91 AD3d 63, 71 [2011]). *Frye* is also applied "to assess the reliability of an expert's theory of causation in a particular case" (*Lugo v New York City Health & Hosps. Corp.*, 89 AD3d 42, 57 [2011]). " '*Frye* is not concerned with the reliability of a certain expert's conclusions, but instead with whether the [expert's] deductions are based on principles that are sufficiently established to have gained general acceptance as reliable' " (*Lipschitz v Stein*, 65 AD3d 573, 576 [2009], quoting *Nonnon v City of New York*, 32 AD3d 91, 103 [2006], *affd* 9 NY3d 825 [2007]). "[G]eneral acceptance does not necessarily mean that a majority of the scientists involved subscribe to the conclusion. Rather it means that those espousing the theory or opinion have followed generally accepted scientific principles and methodology in evaluating clinical data to reach their conclusions" (*Zito v Zabarsky*, 28 AD3d 42, 44 [2006] [internal quotation marks omitted]; *see Ratner v McNeil-PPC, Inc.*, 91 AD3d at 71).

Here, the opinion of the plaintiff's expert was not based on novel theories and did not warrant a preliminary *Frye*-type hearing (*see Hutchinson v Crown Equip. Corp.*, 48 AD3d 421, 421-422 [2008]; *Parker v Crown Equip. Corp.*, 39 AD3d 347, 348 [2007]; *Marsh v Smyth*, 12 AD3d 307, 307-308 [2004]). "Deduction, extrapolation, drawing inferences from existing data, and analysis are not novel methodologies and are accepted stages of the scientific process" (*Ratner v McNeil-PPC, Inc.*, 91 AD3d at 74). Accordingly, the Supreme Court erred in granting the defendants' motion and, thereupon, directing the dismissal of the complaint. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.