Meaders v Diaz (2020 NY Slip Op 02168)





Meaders v Diaz


2020 NY Slip Op 02168


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11331 26937/15E

[*1]Latoya Meaders, Plaintiff-Respondent, Nigel Granville, et al., Plaintiffs,
v
Elvin Diaz, Jr., et al., Defendants-Appellants, Kelley-Amerit Fleet Services, Inc., doing business as Amerit Fleet Solutions, Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ian Marc Herman of counsel), for appellants.
Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for Latoya Meaders, respondent.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise M. Cherkis of counsel), for Kelley-Amerit Fleet Services, Inc., respondent.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered September 7, 2018, which, upon reargument, granted plaintiff Latoya Meaders's successive motion for partial summary judgment as to liability against defendants Elvin Diaz, Jr. and DS Services of America, Inc. (collectively the DS defendants), and defendant Kelley-Amerit Fleet Services, Inc.'s (Amerit) cross motion for summary judgment as against the DS defendants and all plaintiffs, unanimously reversed, on the law, without costs, and the motion and cross motion denied.
Plaintiff Meaders alleges that she sustained injuries in an accident that occurred when the DS defendants' vehicle rear-ended the construction vehicle in which she was a passenger. She also alleges that Amerit negligently maintained the brakes on the DS defendants' vehicle.
It is undisputed that reargument was warranted (CPLR 2221). However, plaintiff Meaders did not demonstrate that changed circumstances warranted consideration of her underlying successive motion for partial summary judgment, because her contention that the DS defendants had been precluded from offering evidence at trial was refuted by a subsequent order of the court denying Amerit's motion for discovery sanctions against the DS defendants (see Amill v Lawrence Ruben Co., Inc., 117 AD3d 433, 433 [1st Dept 2014]). In any event, in opposition to Meaders' prima facie showing that the DS defendants' vehicle rear-ended her vehicle, which raised a presumption of negligence, the DS defendants presented evidence of a non-negligent explanation for the collision, namely the unanticipated failure of their vehicle's brakes, despite their reasonable maintenance
of the vehicle (see Osborne v New York City Dept. of Parks & Recreation, 111 AD3d 465, 466 [1st Dept 2013]; Garcia v Bakemark Ingredients [E.] Inc., 19 AD3d 224 [1st Dept 2005]).
As for Amerit's cross motion for summary judgment, its own submissions, particularly the deposition testimony of its fleet manager, presented triable issues of fact as to whether it negligently maintained the brakes of the DS defendants' vehicle in the month preceding the [*2]accident (see Cordella v Raymond of N.J., LLC, 159 AD3d 975, 976 [2d Dept 2018]; Parker v Crown Equip. Corp., 39 AD3d 347, 348 [1st Dept 2007]). Accordingly, the cross motion also should have been denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK