Rampersaud v Hsieh Hsu Mach. Co., Ltd. (2021 NY Slip Op 04386)





Rampersaud v Hsieh Hsu Mach. Co., Ltd.


2021 NY Slip Op 04386


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01050
 (Index No. 206/09)

[*1]Rudenauth Rampersaud, et al., respondents,
v
Hsieh Hsu Machinery Co., Ltd., appellant, et al., defendants (and a third-party action).


Henrichsen Siegel, PLLC, New York, NY (Chiung-hui Huang of counsel), for appellant.
David A. Kapelman, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Hsieh Hsu Machinery Co., Ltd., appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 14, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the first, fifth, and seventh causes of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about January 24, 2006, the plaintiff Rudenauth Rampersaud (hereinafter the injured plaintiff) allegedly was injured during the course of his employment with the third-party defendant, Ares Printing and Packaging Corporation, when he attempted to clean the glue roll of a corrugator machine with a cloth by placing his left hand between the glue roll and a rotating cylinder while the machine was operating. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against, among others, Hsieh Hsu Machinery Co., Ltd. (hereinafter Hsieh), the manufacturer of the machine. Thereafter, Hsieh moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated December 14, 2018, the Supreme Court, inter alia, denied those branches of Hsieh's motion which were for summary judgment dismissing the first, fifth, and seventh causes of action, alleging, respectively, negligence, strict products liability, and loss of consortium, insofar as asserted against it. Hsieh appeals.
"Manufacturers may be held strictly liable for injuries caused by their products 'because of a mistake in the manufacturing process, because of defective design or because of inadequate warnings regarding use of the product'" (Singh v Gemini Auto Lifts, Inc., 137 AD3d 1002, 1002, quoting Sprung v MTR Ravensburg, 99 NY2d 468, 472). Here, Hsieh failed to eliminate triable issues of fact as to whether the corrugator machine was defectively designed and, if so, whether such defect was a substantial factor in causing the accident (see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107; Mangano v Town of Babylon, 111 AD3d 801, 802; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 862; see also Adams v Genie Indus., Inc., 14 NY3d 535, 543; Shamir v Extrema Mach. Co., Inc., 125 AD3d 636, 637; Fahey v A.O. Smith Corp., 77 AD3d 612, 615). In [*2]support of its motion, Hsieh submitted, inter alia, both an affidavit from its expert and an affidavit from the plaintiffs' expert. The plaintiffs' expert opined that the machine was defectively designed due to, among other things, "unguarded point of operation hazards," "unguarded in-running nip points," and the absence of an emergency stop device in the vicinity of the machine, and that the accident would have been prevented if the machine had been properly designed. On the other hand, Hsieh's expert averred that the machine was designed to ensure that the rolls would not come together on their own, that controls for the machine could not be in two separate locations, and that there was no indication a guarding system for the machine was available at the time the machine was designed. In light of these conflicting expert opinions, Hsieh failed to eliminate triable issues of fact as to whether the machine was defectively designed (see Mangano v Town of Babylon, 111 AD3d at 802).
Furthermore, Hsieh failed to establish, prima facie, that its alleged failure to provide an adequate warning was not a substantial cause of the accident. "To recover on a strict products liability cause of action based on inadequate warnings, a plaintiff must prove causation, i.e., that if adequate warnings had been provided, the product would not have been misused" (Reece v J.D. Posillico, Inc., 164 AD3d 1285, 1288). "'[A] manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product[s] of which it knew or should have known'" (Singh v Gemini Auto Lifts, Inc., 137 AD3d at 1002-1003, quoting Liriano v Hobart Corp., 92 NY2d 232, 237). "A manufacturer also has a duty to warn of the danger of unintended uses of a product provided these uses are reasonably foreseeable" (Reece v J.D. Posillico, Inc., 164 AD3d at 1287-1288). However, "'there is no liability for failure to warn where [the] risks and dangers are so obvious that they can ordinarily be appreciated by any consumer to the same extent that a formal warning would provide . . . or where they can be recognized simply as a matter of common sense'" (Moseley v Philip Howard Apts. Tenants Corp., 134 AD3d 785, 786, quoting Carbone v Alagna, 239 AD2d 454, 456). Stated otherwise, "'the failure to warn must have been a substantial cause of the events which produced the injury'" (Reece v J.D. Posillico, Inc., 164 AD3d at 1288, quoting Billsborrow v Dow Chem., 177 AD2d 7, 16). "'Generally, it is for the trier of fact to determine the issue of proximate cause'" (Reece v J.D. Posillico, Inc., 164 AD3d at 1288, quoting Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889).
Here, Hsieh's expert opined that the "normal separation" between the parts of the machine which the injured plaintiff reached his hand between was less than an inch, and thus, "it would have been obvious to any experienced person, let alone a trained operator, that such a limited tolerance would by itself pose as a pinch hazard," "especially . . . when the rolls are turning inward." However, Hsieh also submitted the injured plaintiff's testimony that at the time he placed his hand between the glue roll and the cylinder to start cleaning, the gap was about four to five inches wide. Moreover, the plaintiffs' expert opined that since there were no warnings on the machine, there was "no means for an improperly trained employee" to learn of "the hazards associated with the machine including the subject in-running nip points." Consequently, Hsieh failed to eliminate triable issues of fact as to whether it provided adequate warnings regarding the risks of cleaning the glue roll while the machine is operating (see Samyn v Ariens Co., 177 AD3d 917, 919).
Since Hsieh failed to meet its initial burden, the Supreme Court properly denied those branches of its motion which were for summary judgment dismissing the first, fifth, and seventh causes of action insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court