■ LEONARD I. OFSOWITZ, Appellant, v GEORGIE BOY MANUFACTURING, INC., et al., Respondents. GEORGIE BOY MANUFACTURING, INC., Third-Party Plaintiff, v AUTOMATIVE CONTROLS CORPORATION, Third-Party Defendant-Respondent. [647 NYS2d 887] —Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff purchased a motor home from defendant E.A. Motors. The motor home was manufactured in part by defendant Georgie Boy Manufacturing, Inc. (Georgie Boy), which sold it to E.A. Motors. Less than a month after it was delivered to plaintiff, the motor home caught fire while it was parked in plaintiff's driveway with the engine idling. The motor home and its contents were destroyed. Plaintiff commenced this action for damages to the motor home and its contents, asserting causes of action for breach of express and implied warranties and strict products liability against both defendants. Plaintiff also asserted a negligence cause of action against Georgie Boy and a breach of contract cause of action against E.A. Motors. Georgie Boy commenced a third-party action against Automotive Controls Corporation.

Supreme Court properly dismissed the tort causes of action in the complaint and third-party complaint. A manufacturer is

not liable in negligence or strict products liability for economic losses flowing from damage to the product that is the subject of the contract (*Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685; *Carcone v Gordon Heating & Air Conditioning Co.*, 212 AD2d 1017). Plaintiff does not contend that manufacturers and sellers should be treated differently, and we conclude that the same principle should be applied to sellers. We reject plaintiff's contentions that we should not apply that principle to consumer purchases (*see, Carcone v Gordon Heating & Air Conditioning Co., supra*) or when the damage is caused by "an abrupt, accident-like event" (*East Riv. S. S. Corp. v Transamerica Delaval*, 476 US 858, 870). Further, the court properly dismissed the cause of action for breach of implied warranty against Georgie Boy. There is no privity between plaintiff and Georgie Boy and no allegation of personal injury (*see, Carcone v Gordon Heating & Air Conditioning Co., supra*, at 1018; *Arell's Fine Jewelers v Honeywell, Inc.*, 170 AD2d 1013, 1014). (Appeal from Order and Judgment of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.