Murray v Samsung Elecs. Am., Inc. (2024 NY Slip Op 51257(U))

[*1]

Murray v Samsung Elecs. Am., Inc.

2024 NY Slip Op 51257(U)

Decided on September 12, 2024

Supreme Court, Monroe County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2024
Supreme Court, Monroe County

Christina Murray, individually and on behalf of all others similarly situated, Plaintiff,

against
Samsung Electronics America, Inc., Defendant.

Index No. E2023006377

Spencer Sheehan, Esq., Sheehan & Associates, P.C., For Plaintiff
Richard A. Edlin, Esq., Dale Rose Goldstein, Esq., and Robert J. Herrington, Esq., GREENBERG TRAURIG, LLP, For Defendants

Daniel J. Doyle, J.

Plaintiff Christina Murray (hereinafter "plaintiff") initiated this action by the filing of a summons and complaint in June of 2023 alleging that Defendant Samsung Electronics America (hereinafter "Samsung") engaged in deceptive practices by selling the Samsung Galaxy S22 Ultra smartphone without a "charging block"[FN1]
and seeking class action certification.
The defendants now move to dismiss the complaint on documentary evidence (CPLR Rule 3211 [a][1]) and for failure to state a cause of action (CPLR Rule 3211 [a][7]).
For the reasons that follow, the defendant's motion to dismiss the complaint is GRANTED, with prejudice.
Summary of Allegations in the Complaint [FN2]

Plaintiff alleged that she purchased a Samsung Galaxy S22 Ultra smartphone in 2021 or 2022 from a cell phone carrier and/or consumer electronics store. She expected that the [*2]smartphone would come with a "charging block", instead the smartphone only came with a charging cord. The only notice provided to plaintiff and other consumers was a statement on the back of the smartphone's box stating: "Packaging Contains: Samsung Galaxy S22 Ultra, S Pen, Sim Card, Ejection Pin, USB-C to USB-C Cable, Quick Start Guide/Terms & Conditions".[FN3]

Plaintiff alleged further that without the charging block purchasers are unable to use the smartphone as intended, and the purchase of a charging block is required. Had plaintiff known that the S22 Ultra did not come with a charging block, she would not have paid the asking price, or would not have purchased the smartphone.[FN4]

Plaintiff alleged violations of General Business Law §§ 349 and 350, breach of contract, and breach of implied warranty of merchantability/ fitness for a particular purpose.[FN5]

Defendant's Evidentiary Submissions
Samsung refers to the photograph of the box in which the plaintiff's smartphone was packaged for sale that was included by plaintiff in her complaint. The photograph contains a disclaimer, in bolded lettering, stating: "Wall charger and headphones sold separately. . .".
The Defendant's Motion to Dismiss the Complaint is Granted
""A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v. Vital Transp., Inc., 173 AD3d 1076, 1077, 103 N.Y.S.3d 515; see Goshen v. Mutual Life Ins. Co. of NY, 98 NY2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190)."" (Davis v. Henry, 212 AD3d 597, 597 [2nd Dept. 2023].) Samsung has met this burden.
A required element of both a §§ 349 and 350 cause of action is a materially misleading act or advertisement resulting in injury to a consumer. (See Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc., 37 NY3d 169, 176 [2021]; Andre Strishak & Assocs., P.C. v. Hewlett Packard Co., 300 AD2d 608, 609 [2nd Dept. 2002].) The test for both a deceptive act or deceptive advertisement is whether the act or advertisement is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, supra at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741)." (Andre Strishak & Assocs., P.C. v. Hewlett Packard Co., supra at 609; see also Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc., supra at 178.) Whether a particular act or advertisement is materially misleading may be made by a reviewing court as a matter of law. (Id.)
The Court concludes, as a matter of law, that the statements contained on the packaging box for the S22 Ultra purchased by plaintiff were not likely to mislead a reasonable consumer acting reasonably under the circumstances.
First, the box clearly identified the contents, stating that it contained: "Samsung Galaxy S22 Ultra, S Pen, Sim Card, Ejection Pin, USB-C to USB-C Cable, Quick Start Guide/Terms & Conditions". Notably absent from the list of contents is a wall charger ("charging block"). A reasonable consumer acting reasonably would thus be aware that the purchase of the smartphone did not include a wall charger.
Second, the packaging box specifically stated that the wall charger was not included. Thus, Samsung specifically disclaimed the inclusion of a wall charger. "A disclaimer may not bar a General Business Law § 349 claim at the pleading stage unless it utterly refutes plaintiff's allegations, and thus establishes a defense as a matter of law (see Goshen, 98 NY2d at 326; Fink v Time Warner Cable, 714 F3d 739, 742 [2d Cir 2013]). The defendant must do more than disclaim liability generally; instead, a disclaimer must address the alleged deceptive conduct precisely, so as to eliminate any possibility that a reasonable consumer would be misled (id.; see also Gaidon, 94 NY2d at 345)." (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc., supra at 180.) This specific disclaimer- that no wall charger is included- eliminates any possibility that a consumer would be misled into believing a wall charger was included.[FN6]

The GBL §§ 349 and 350 causes of action are dismissed.
The breach of contract cause of action must be dismissed as the plaintiff failed to plead the existence of a valid contract and contractual privity between the plaintiff and the defendant. The complaint alleges a breach of contract; counsel for the plaintiff characterizes the "contract" as an implied contract. The elements are the same for a breach of a contract or implied contract. "An implied-in-fact contract would arise from a mutual agreement and an "intent to promise, when the agreement and promise have simply not been expressed in words" (1 Williston, Contracts § 1:5, at 20 [4th ed. 1990]). This type of contract still requires such elements as consideration, mutual assent, legal capacity and legal subject matter (id., at 22). A "[m]anifestation of mutual assent to an exchange requires that each party either make a promise or begin or render a performance" (Restatement [Second] of Contracts § 18)." (Maas v. Cornell Univ., 94 NY2d 87, 93—94 [1999].)
Here, there are no facts alleged in the complaint supporting the existence of a valid [*3]contract (implied or otherwise). Plaintiff alleges she purchased the smartphone from a vendor, not from Samsung directly and thus the complaint fails to establish contractual privity between the Samsung and the plaintiff. (Collyer v. LaVigne, 202 AD3d 1335 [3rd Dept. 2022] leave to appeal dismissed, 39 NY3d 925 [2022].) Furthermore, the complaint also alleges specific facts which rebut a necessary element of a breach of contract action- mutual assent to essential terms. The essence of the plaintiff's breach of contract claim is that the terms of the contract were that Samsung agreed to provide a wall charger. However, the documentary evidence (the photograph included by plaintiff in her complaint) establishes that Samsung specifically stated a wall charger was not included in the sale of the smartphone.
The breach of contract action is dismissed.
The implied warranty cause of action is also dismissed.
"The implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection" (Saratoga Spa & Bath v. Beeche Sys. Corp., 230 AD2d 326, 330, 656 N.Y.S.2d 787 [1997], lv. dismissed 90 NY2d 979, 665 N.Y.S.2d 953, 688 N.E.2d 1035 [1997] [citation omitted]). To establish that a product is defective for purposes of a breach of implied warranty of merchantability claim, a plaintiff must show that the product was not "reasonably fit for [its] intended purpose" (id. at 330, 656 N.Y.S.2d 787; see UCC 2—314[2][c]), an inquiry that "focuses on the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manners" (Denny v. Ford Motor Co., 87 NY2d 248, 258—259, 639 N.Y.S.2d 250, 662 N.E.2d 730 [1995])." (Wojcik v. Empire Forklift, Inc., 14 AD3d 63 [3rd Dept. 2004].)
Plaintiff fails to allege any facts that would support a breach of implied warranty claim (of either fitness or merchantability). She fails to allege an inability to charge the smartphone (as the plaintiff concedes the smartphone included a charging cord allowing it to be charged through other methods). Additionally, the plaintiff's allegation that Samsung's smartphone was "not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it would be sold with the essential parts to render it functional" is specifically rebutted by the documentary evidence showing Samsung disclaimed inclusion of a wall charger but did include a charging cord allowing it to be charged through any compatible charging port. Although the plaintiff prefers charging the smartphone with a charging block, that it not the exclusive method of charging the phone. Plaintiff failed to allege that the alternative methods to charge the phone are unavailable to the standard consumer or unreasonable. Absent this allegation, the smartphone cannot be said to be not fit for the ordinary purpose it was intended.
Additionally, the implied warranty claims must fail as there is no privity of contract between Samsung and plaintiff as the Plaintiff asserted in the complaint she purchased the smartphone from a third party and was claiming only economic loss. (See Ofsowitz v. Georgie Boy Mfg., Inc., 231 AD2d 858, 859 [4th Dept. 1996]: "Further, the court properly dismissed the cause of action for breach of implied warranty against Georgie Boy. There is no privity between plaintiff and Georgie Boy and no allegation of personal injury (see, Carcone v Gordon Heating & Air Conditioning Co., supra, at 1018 ; Arell's Fine Jewelers v Honeywell, Inc., 170 AD2d 1013, 1014).")
Based upon the foregoing, and the papers submitted herein,[FN7]

ORDERED that the defendant's motion to dismiss the complaint is GRANTED and the complaint is dismissed, with prejudice.
This constitutes the Decision and Order of the Court.
Dated: September 12, 2024
Honorable Daniel J. Doyle, JSC

Footnotes

Footnote 1:Although the device in question has several names, including "charging block", "block charger", and "wall charger", it refers to the device that is plugged into an electrical outlet to charge an electronics device, usually through a USB connection to a charging cord which attaches to the device being charged. 

Footnote 2:"When considering these pre-answer motions to dismiss the complaint for failure to state a cause of action, we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiffs every possible favorable inference (see Goshen v. Mutual Life Ins. Co. of NY, 98 NY2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190 [2002])." (Chanko v. Am. Broad. Companies Inc., 27 NY3d 46, 52, [2016].)

Footnote 3:Plaintiff included a photograph of the back of the box where this notification was made.

Footnote 4:In the complaint Plaintiff sought class certification for similar consumers in New York who purchased the smartphone within the statute of limitation periods for the causes-of-action alleged in the complaint. 

Footnote 5:Plaintiff has withdrawn the causes of action alleging breach of an express warranty and unjust enrichment. 

Footnote 6:To the extent the GBL causes of action are based upon a "price-premium theory" that Samsung charged a premium for the smartphone on the basis an implied inclusion of a wall charger, the Court determines as a matter of law that no such representation was made and thus the "price-premium" cause of action must be dismissed. "An injury under §§ 349 and 350 therefore may be alleged under a price premium theory whereby a plaintiff claims to have paid more for the product than he or she would have if the defendant did not engage in allegedly deceptive practices. See e.g., Orlander, 802 F.3d at 302; Duran v. Henkel of Am., Inc., 450 F. Supp. 3d 337, 350-51 (S.D.NY 2020). A price premium theory requires a plaintiff to "allege[ ] that a company marketed a product as having a 'unique quality,' that the marketing allowed the company to charge a price premium for the product, and that the plaintiff paid the premium and later learned that the product did not, in fact, have the marketed quality." Duran, 450 F. Supp. 3d at 350." (Colpitts v. Blue Diamond Growers, 527 F. Supp. 3d 562, 576—77 (S.D.NY 2021.) Here, Samsung established through documentary evidence that it disclaimed inclusion of a wall charger with the smartphone.

Footnote 7:Notice of Motion (NYSCEF Docket # 9); Memorandum of Law in Support (NYSCEF Docket # 10); Memorandum of Law in Opposition (NYSCEF Docket # 15); Memorandum of Law in Reply (NYSCEF Docket # 18).